■ JAMES P. CORCORAN, as Superintendent of Insurance of

the State of New York, Respondent, v AMERICAN TRANSIT INSURANCE COMPANY, Appellant.—Order, Supreme Court, New York County (Irma Vidal Santaella, J.), entered January 4, 1990, which, *inter alia,* denied defendant's motion for summary judgment, unanimously affirmed, to the extent appealed from, without costs.

At issue is the interpretation of Insurance Law § 7604 (b), which calls for an insurer to pay into the Public Motor Vehicle Liability Security Fund an amount equal to 3% of the net direct written premiums (defined as gross premiums less return premiums and dividends [§ 7602 (e)]) on insurance policies covering vehicles for hire issued to meet the requirements of Vehicle and Traffic Law § 370. Defendant argued that its payments into this fund should be based on premiums only up to the amount of the minimum liability coverage requirements of the Vehicle and Traffic Law, whereas plaintiff maintained that Insurance Law § 7604 called for payments to be based on the entire net premiums, even if in excess of the minimum coverage requirements of Vehicle and Traffic Law § 370.

Even conceding ambiguity in the statute, the Superintendent has the authority to interpret these statutory provisions, so long as the interpretation is neither irrational nor unreasonable *(Matter of Consolidated Mut. Ins. Co. [Arcade Cleaning Contrs.—Superintendent of Ins.],* 60 NY2d 1, 8). We find his interpretation to be consistent with the purpose of the legislation. Concur—Sullivan, J. P., Carro, Wallach, Kupferman and Kassal, JJ.